aminer in rejecting all of the claims of appellant's application, six in number, as defining nothing patentable over the prior art.

■ Claim 6 is illustrative of the claims in issue, and reads as follows:

"6. As a new article of manufacture, a stocking knit from the toe to the top and including a toe-portion of plain-knitting; a sole and a heel of plain-knitting interknit with the toe-portion; an instep-section of rib-knitting interknit with and successively to the knitting of the sole and heel; a relatively short section of plain-knitting adjoining the ribbed instep, looped to the toe-portion, and interknit with the ribbed instep; a leg portion of rib-knitting interknit with the ribbed instep and being a continuation of the ribbing in the instep-section and extending to the top of the stocking; and a top-portion inter-knit with the ribbing of the leg-portion and comprising special rib-knitting, the ribbing, thus, terminating at one end of the short-section of plain-knitting looped to the adjoining toe-portion and at the other end with the top-portion of special knitting; the ribbed instep-section having a degree of stretchability substantially greater than that of the short-section of plain-knitting, and the top-portion of special knitting having a degree of stretchability substantially greater than that of the ribbed instep-section; the stocking, in consequence, being characterized by relatively high extensibility at the top, with no substantial strain at the instep-section, and being comfortable to the wearer and more easily slipped onto the foot and leg."

The references are: La Montagne et al., 1,282,880, October 29, 1918; Murphy et al., 1,626,049, April 26, 1927.

It is conceded by appellant that the reference Murphy shows all of the elements of the claims here in issue except the special ribbed top of the same. The reference La Montagne is a patent to appellant for a knitting machine, and it is conceded by him that the top portion of the stocking embodied in his present application is fully disclosed in said patent. Appellant therefore does not claim that any of the elements of the claims here involved are new. On the contrary, he admits that they are old, but does contend that, by combining the elements shown in Murphy's and in appellant's prior patent, he has made a true combination producing a new and useful result that involved invention, and for that reason contends that the claims are patentable.

The Board of Appeals held that the claims cover nothing more than an aggregation consisting of the specific stocking of Murphy and a top of suitable elasticity such as disclosed in appellant's machine patent, and that no invention was involved in making such an aggregation.

■ It is well established that, if an applicant has taken one feature from one patented device and another feature from another patented device and combined them, and has produced no results other than were produced by the original devices in their individual operation, then he has invented nothing. In re Bayer, 35 F.(2d) 66, 17 C. C. P. A. 614; In re Appelburg, 37 F.(2d) 620, 17 C. C. P. A. 820; In re Isherwood, 40 F.(2d) 987, 17 C. C. P. A. 1187.

■ We are clear that the Board of Appeals was correct in holding that the claims here in issue constitute nothing more than an aggregation of elements disclosed in the prior art. The elements so disclosed operate in the same way, in appellant's present disclosure, as they did in the prior art, and there is no conjoint action between the elements producing a new and useful result. That appellant has produced a useful article which has had great commercial success because of the aggregation of old elements does not of itself establish patentability.

Since it clearly appears that appellant's application does not disclose a combination in a patentable sense, but only an aggregation of old elements, we find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.

### In re LORD.
### Patent Appeal No. 2646.

Court of Customs and Patent Appeals.
March 31, 1931.

Geo. R. Hamlin, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting all of the claims of appellant's application, six in number, for failure to define invention in view of the prior art.

Claims 1 and 4 are illustrative of the claims in issue and read as follows:

"1. A passenger vehicle provided with means for independently holding a plurality of passengers on the same seat thereof, comprising wholly independent flexible connections separately secured in position on the vehicle which are respectively, adapted to be fastened to or around passengers occupying the same seat."

"4. A passenger vehicle having a passenger holding device comprising flexible holders arranged on the vehicle to be disposed in general horizontal position around the passengers' waist to retain the passenger on a seat of the vehicle."

The references cited are: Spencer, 942,-679, December 7, 1909; Leveau, 331,926, August 11, 1903 (French); Tyler, 1,368,466, February 15, 1921; Albano, 1,230,642, June 19, 1917; De Camp, 944,020, December 21, 1909; Prescott, 139,329, May 27, 1873; Knell, 91,453, June 15, 1869.

Of these references, Leveau and Spencer were cited by the Examiner, and the additional references were cited by the Board of Appeals. Appellant did not ask the Board for reconsideration in view of the additional references cited by it.

In discussing patentability of the claims here involved, the Board stated as follows:

"Claim 1 reads directly on Leveau unless it be held that his devices do not independently hold a plurality of passengers because the holding devices are secured to a common cross strap a b. In our opinion the claim is properly anticipated as there is a fastening device for each passenger and each of these is independently secured to the seat back. We also call attention to the patent to Scott, No. 855,139, May 28, 1907, in which there are independent fastening devices 4 for each passenger, see specification page 1, lines 54-70, which clearly meets this claim.

"What we have said as to claim 1 applies also to claims 2 and 3.

"Claim 6 specifies in addition that the flexible holding devices are adjustable but this is true of Leveau.

"Claims 4 and 5 are slightly more specific in specifying that the holders are disposed in general horizontal position around the passenger's waist. The horizontal strap a b of Leveau extends across the machine in front of the passengers but not around their waists. There is nothing novel in such a construction, however, as shown in the patents to

"Tyler, 1,368,466, Feb. 15, 1921;
"Albano, 1,230,642, June 19, 1917;
"De Camp, 944,020, Dec. 21, 1909;
"Prescott, 139,329, May 27, 1873 and
"Knell, 91,453, June 15, 1869.

"There would be no invention in view of Scott, in using as many of these holding devices as desired on a single vehicle seat.

"We find nothing patentable in the claims over the references cited by the Examiner but further rejection is given on the additional references cited under Rule 139."

We have carefully examined the references and concur in the conclusion of the Board.

Upon oral argument, appellant's counsel earnestly contended that the court should find that the claims which, by their terms, contain the element of means for independently holding a plurality of passengers on the same seat, are patentable, even though the other claims be held to be unpatentable. We do not think there would be invention in multiplying the number of devices upon the same seat, as set out in claims 1, 2, and 3, for the reason that such use of the devices would be clearly obvious and therefore does not constitute invention.

No useful purpose would be served by entering upon a detailed discussion of the applicability of the references to the claims here in issue.

The decision of the Board of Appeals is affirmed.

Affirmed.